```
 1  McGREGOR W. SCOTT
    United States Attorney
 2  ANNE PINGS
    Assistant U.S. Attorney
 3  501 I Street, Suite 10-100          MAY - 3 2007
    Sacramento, California 95814
 4  Telephone: (916) 554-2785
```



IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. No. 04-236-MCE |
| Plaintiff, | PLEA AGREEMENT |
| v. | DATE: May 3, 2007 |
| ELIZABETH TRAN, | TIME: 9:00 a.m. |
| Defendant. | COURT: Morrison C. England, Jr. |

## I.

### INTRODUCTION

**A. Scope of Agreement:** The Superseding Information in this case charges the defendant with a single violation of 18 U.S.C. § 1035, False Statement Relating to Health Care Matter. This document contains the complete Plea Agreement between the United States Attorney's Office for the Eastern District of California (the "government") and the defendant regarding this case. This Plea Agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

**B. Court Not a Party:** The Court is not a party to this Plea Agreement. Sentencing is a matter solely within the discretion of the Court, the Court is under no obligation to accept any recommendations made by the government, and the Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated in this Plea Agreement. If the Court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw her guilty plea, and she will remain bound to fulfill all of the obligations under this Plea Agreement. The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence she will receive.

## II.

### DEFENDANT'S OBLIGATIONS

**A. Guilty Plea:** The defendant will plead guilty to a single violation of 18 U.S.C. § 1035. The defendant agrees that she is in fact guilty of these charges and that the facts set forth in the Factual Basis attached hereto as Exhibit A are accurate.

**B. Waiver of Indictment:** The defendant agrees that, at the entry of plea proceeding, she will sign a written waiver of prosecution by indictment and consent to proceed by information rather than by indictment.

**C. Restitution:** The Mandatory Victim Restitution Act requires the Court to order restitution to the victims of certain offenses. The government stipulates that the defendant has already made full restitution in the course of administrative and civil proceedings related to this matter.

**D. Special Assessment:** The defendant agrees to pay a special assessment of $ 100 at the time of sentencing by delivering a check or money order payable to the United States District Court to the United States Probation Office immediately before the sentencing hearing. The defendant understands that this Plea Agreement is voidable by the government if she fails to pay the assessment prior to that hearing.

## III.

## THE GOVERNMENT'S OBLIGATIONS

**A. Dismissals:** The government agrees to move, at the time of sentencing, to dismiss without prejudice the pending Information. The government also agrees not to reinstate any dismissed count except as provided in this Plea Agreement.

**B. Recommendations:**

**1. Incarceration Range:** The government will recommend that the defendant be sentenced to a period of 4 years probation with a condition that the defendant serve the initial 6 months in a community confinement facility.

## IV.

## ELEMENTS OF THE OFFENSE

**A. Elements of the Offense:** At a trial, the government would have to prove beyond a reasonable doubt the following elements of the offense to which the defendant is pleading guilty:

> First, that the defendant knowingly and willfully made a false, fictitious or fraudulent statement;
>
> Second, such statement were made in connection with the delivery of, or payment for, health care benefits, items or services.

## V.

## MAXIMUM SENTENCE

**A. Maximum Penalty:** The maximum sentence that the Court can impose is 5 years incarceration, a fine of $ 250,000, not more than one year period of supervised release and a special assessment of $100.

**B. Violations of Supervised Release:** The defendant understands that if she violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release and require the defendant to serve no more than 1 additional year imprisonment.

## VI.

## SENTENCING DETERMINATION

**A. Statutory Authority:** The defendant understands that the Court must consult the Federal Sentencing Guidelines (as promulgated by the Sentencing Commission pursuant to the Sentencing Reform Act of 1984, 18 U.S.C. §§ 3551-3742 and 28 U.S.C. §§ 991-998, and as modified by United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005) and must take them into account when determining a final sentence. The defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines. The defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. The defendant further understands

-4-

that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

**B.   Stipulations Affecting Guidelines Calculation:** The government and the defendant agree that there is no material dispute as to the following sentencing guidelines variables and therefore stipulate to the following:

   **1.   Base Offense Level:** The amount of loss involved in the instant offense is $220,000.

   **2.   Acceptance of Responsibility:** If the Probation Officer determines that a reduction for full and clear demonstration of acceptance of responsibility is appropriate under U.S.S.G. § 3E1.1, the government will not oppose such a reduction so long as the defendant pleads guilty, meets with and assists the probation officer in the preparation of the pre-sentence report, is truthful and candid with the probation officer, and does not otherwise engage in conduct that constitutes obstruction of justice within the meaning of U.S.S.G § 3C1.1, either in the preparation of the pre-sentence report or during the sentencing proceeding.

   **3.   Sentencing Range:** The government will recommend that the defendant be sentenced to a period of 4 years probation with a condition that the defendant serve the initial 6 months in a community confinement facility.

   **4.   Departures or Other Enhancements or Reductions:** The parties stipulate and agree that they will not seek or argue in support of any other specific offense characteristics, adjustments, or cross-references, or any variance, deviation, or departure from the Sentencing Guidelines other than as stated herein.

## VII.

## WAIVERS

**A. Waiver of Constitutional Rights:** The defendant understands that by pleading guilty she is waiving the following constitutional rights: (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to be assisted at trial by an attorney, who would be appointed if necessary; (d) to subpoena witnesses to testify on her behalf; (e) to confront and cross-examine witnesses against her; and (f) not to be compelled to incriminate herself.

**B. Waiver of Appeal and Collateral Attack:** The defendant understands that the law gives her a right to appeal her conviction and sentence. She agrees as part of her plea, however, to give up the right to appeal the conviction and the right to appeal any aspect of the sentence imposed in this case so long as her sentence is no longer than the top of the Sentencing Guidelines range determined by the Court consistent with the stipulations set forth above about the Sentencing Guidelines variables.

The defendant also gives up any right she may have to bring a post-conviction attack on her conviction or her sentence. She specifically agrees not to file a motion under 28 U.S.C. § 2255 or § 2241 attacking her conviction or sentence.

If the defendant ever attempts to vacate her plea, dismiss the underlying charges, or reduce or set aside her sentence on any of the counts to which she is pleading guilty, the government shall have the right (1) to prosecute the defendant on any of the counts to which she pleaded guilty; (2) to reinstate any counts that may be dismissed pursuant to this Plea Agreement; and (3) to file any new

-6-

charges that would otherwise be barred by this Plea Agreement. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office. By signing this Plea Agreement, the defendant agrees to waive any objections, motions, and defenses she might have to the government's decision. In particular, she agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

  C. **Waiver of Attorneys' Fees and Costs:** The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this Plea Agreement and any charges previously dismissed).

  D. **Waiver of DNA Testing:** Defendant has been advised that the government has in its possession items of physical evidence that could be subjected to DNA testing. The defendant understands that the government does not intend to conduct DNA testing of any of these items. Defendant understands that, before entering a guilty plea pursuant to this Plea Agreement, she could request DNA testing of evidence in this case. The defendant further understands that, with respect to the offense to which she is pleading guilty pursuant to this Plea Agreement, she would have the right to request DNA testing of evidence after conviction under the conditions specified

-7-

in 18 U.S.C. § 3600. Knowing and understanding her right to request DNA testing, the defendant knowingly and voluntarily gives up that right. The defendant understands and acknowledges that by giving up this right, she is giving up any ability to request DNA testing of evidence in this case in the current proceeding, in any proceeding after conviction under 18 U.S.C. § 3600, and in any other proceeding of any type. The defendant further understands and acknowledges that by giving up this right, she will never have another opportunity to have the evidence in this case submitted for DNA testing, or to employ the results of DNA testing to support a claim that defendant is innocent of the offense to which she is pleading guilty.

## VIII.

### ENTIRE PLEA AGREEMENT

Other than this Plea Agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

//
//
//
//
//
//
//
//
/

## IX.

## APPROVALS AND SIGNATURES

**A. Defense Counsel:** I have read this Plea Agreement and have discussed it fully with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to plead guilty as set forth in this Plea Agreement.

DATED: MAY 3, 2007

William H. Weissberg
Attorney for Defendant

**B. Defendant:** I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement. In addition, no one has threatened or forced me in any way to enter into this Plea Agreement. Finally, I am satisfied with the representation of my attorney in this case.

DATED: 05/03/07

ELIZABETH TRAN, Defendant

1   **C.  Court Certified Interpreter/Translator:** I declare that I
2   am a court interpreter/translator.  On _____, I read the
3   entire contents of the foregoing Plea Agreement to the defendant,
4   translating the document from English to _____.

6   DATED: _____PT_____    _____N/A_____
                                Interpreter/Translator

10  **D.  Attorney for United States:** I accept and agree to this
    Plea Agreement on behalf of the government.

12  DATED: __5/3/07__           McGREGOR W. SCOTT
                                United States Attorney

15                              By: _____/s/ Anne Pings_____
                                ANNE PINGS
16                              Assistant U.S. Attorney

**EXHIBIT "A"**

**Factual Basis for Plea**

From in or about July 2003, through in or about May 2004, defendant ELIZABETH TRAN was the owner of Mission Pharmacy, in Panorama City, California. During this time, TRAN defrauded the Medi-Cal Program by falsely stating that her pharmacy had provided Celebrex and Claritin to Medi-Cal patients when, in fact, these drugs were not provided to the patients. As a result of these actions, defendant TRAN defrauded the State of California out of more than $200,000 and less then $400,000.

During the relevant time period, the Medi-Cal program was a federal and state funded program which provides for medical services, including prescription drugs, to patients who had a Medi-Cal card issued by the State of California. The provision of goods and services through the Medi-Cal program affected interstate commerce. Electronic billing for the Medi-Cal program was done through contractor Electronic Data Systems ("EDS") in Sacramento, California. Based on bill submitted through EDS, the State Controller's Office, on a weekly basis, remitted payment to the defendant from Sacramento, California.